UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80245-CIV-HURLEY/LYNCH

LISA CONVISSAR,

    Plaintiff,

v.

SCHONFELD SECURITIES, LLC,

    Defendant.

_____/

**CLOSED CASE**

FILED by _____ D.C.

MAY 21 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the court upon defendant Schonfeld Securities, LLC's motion, filed April 29, 2003, to dismiss this case, on the ground that this action is subject to mandatory arbitration, or in the alternative to stay the case and compel arbitration.

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 1–16, if a suit filed in a federal district court presents an issue that is referable to arbitration under a written agreement, the court, on motion of a party, shall stay the case and allow the parties to proceed to arbitration. 9 U.S.C. § 3 (2003). A party aggrieved by an alleged failure or refusal of another to arbitrate under a written agreement may petition a federal district court to order the matter to arbitration in accordance with the agreement. 9 U.S.C. § 4 (2003). See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). A federal court may not order arbitration unless and until it is satisfied that there is a valid, binding arbitration agreement in effect. See Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1458 (11th Cir. 1997).

Order Granting Defendant's Motion to Compel Arbitration
Convissar v. Schonfeld Sec., LLC
Case No. 03-80245-CIV-HURLEY/LYNCH

Defendant has presented certain exhibits, including a copy of a Uniform Application for Securities Industry Registration or Transfer, Form U-4, which plaintiff Lisa Convissar signed on November 15, 2000, which states, in relevant part:

> I agree to arbitrate any dispute, claim, or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

While plaintiff claims she does not remember signing the Form U-4, she does not contest that she in-fact signed it. Courts are required to construe arbitration clauses as broadly as possible with all ambiguities resolved in favor of arbitration. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1995). The court finds that plaintiff's FLSA claim and purported claim of a violation of the Florida Unemployment Compensation Law, Fla. Stat. § 443.151 (2003), are clearly encompassed by the agreement's language requiring plaintiff to agree to arbitrate "any dispute, claim, or controversy" arising between her and the firm. The court further finds that the agreement appears to be valid and enforceable.

For the forgoing reasons, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's motion for dismissal, or to stay this action and compel arbitration [DE # 8] is **GRANTED**.

2. The parties are directed to proceed to arbitration on plaintiff's claims in this case, as required by the Form U-4 agreement.

3. The court exercises its discretion to dismiss this action. Plaintiff's complaint is

Order Granting Defendant's Motion to Compel Arbitration
Convissar v. Schonfeld Sec., LLC
Case No. 03-80245-CIV-HURLEY/LYNCH

    **DISMISSED** without prejudice.  The parties may, of course, seek review in a court of competent jurisdiction any arbitration award that may be entered in this matter.

4.  Any other pending motions are **DENIED**, as moot, and the Clerk of the Court shall enter this case as **CLOSED**.

  **DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of May, 2003.

              _____
              Daniel T. K. Hurley
              United States District Judge

*Copies provided to*:

Donald Appignani, Esq.
Brian D. Buckstein, Esq.